IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. HOM, JOHN C. HOM & ASSOCIATES, INC.,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA,

    Defendant.
                              /

No. C 13-02243 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this action against the United States for unauthorized disclosures of plaintiffs' tax information, defendant moves to dismiss the complaint or alternatively moves for a more definite statement. To the extent stated below, defendant's motion to dismiss is **GRANTED**.

## STATEMENT

Pro se plaintiffs John C. Hom and John C. Hom & Associates, Inc. filed this action for damages for violations of 26 U.S.C. 6103 in May 2013. Plaintiffs are seeking $40,874,000 in damages and "at least" $500,000 in punitive damages (Dkt. No. 1 at 21–22). Defendant United States now moves to dismiss or alternatively moves for a more definite statement under FRCP 12(b)(6) (Dkt. No. 13).

Plaintiffs' complaint alleges that the IRS conducted an investigation of plaintiffs' tax returns. The IRS then opened a Foreign Bank Account Report ("FBAR") investigation under 31 U.S.C. 5314 because it discovered Hom's online gambling activity and use of foreign bank

accounts (Dkt. No. 1 at 2). Plaintiffs allege that tax return information, discovered during the tax return investigation, was inappropriately disclosed for the purpose of the FBAR investigation.

## ANALYSIS

Failure to state a claim is grounds for dismissal under FRCP 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). FRCP 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). At a minimum, a plaintiff must provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Ibid*. To ensure that pro se litigants do not lose their right to a hearing on the merits because of a technical procedural requirement, our court of appeals construes pro se pleadings liberally. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

**1. UNAUTHORIZED DISCLOSURE UNDER SECTION 6103.**

Plaintiffs are authorized to file this suit under 26 U.S.C. 7431. Plaintiffs argue that, under 26 U.S.C. 6103, the use of information discovered in the tax return investigation cannot be used for an FBAR investigation. Section 6103(a) states:

> [r]eturns and return information shall be confidential, and except as authorized by this title —
>
> (1) no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his services as such an employee or otherwise or under the provisions of this section . . . .

Defendant's motion to dismiss argues that Section 6103(h)(1) provides an exception that allows such a disclosure:

> [r]eturns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes.

2

Tax administration is defined as "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes . . . and includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions." 26 U.S.C. 6103(b)(4).

Thus, the issue here is whether Section 5314 is either an internal revenue law or related statute (either designation would make the disclosure permissible). The United States argues that Section 5314 is a "related statute" under Section 6103 (Dkt. No. 13 at 6). This is correct. Congress intended for Section 5314 to fall under "tax administration." *See* STAFF OF JOINT COMM. ON TAXATION, 108TH CONG., GENERAL EXPLANATION OF THE TAX LEGISLATION ENACTED IN THE 108TH CONGRESS, 378 (Comm. Print 2005) ("The Congress . . . believed that improving compliance with this reporting requirement is vitally important to sound tax administration . . ."). Section 5314 is therefore a related statute under Section 6103 and the disclosures at issue in this action were lawful.

Plaintiffs' opposition argues that the IRS did not follow the proper procedure pursuant to the Internal Revenue Manual ("IRM") Sections 4.26.17.2 and 4.26.14.2.2. The IRM states: "[w]ithout a related statute determination, Title 26 information cannot be used in the Title 31 FBAR examination. Any such use could subject the persons making the disclosure to penalties for violating the disclosure provisions protecting Title 26 return information." IRM 4.26.17.2(1)(G). Plaintiffs argue that defendant IRS failed to properly obtain a related statute determination because they did not follow the stated procedure for doing so.

Plaintiffs' argument fails because the IRM holds no legal significance. Our court of appeals has held that "[t]he Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers." *Fargo v. Comm'r of Internal Revenue*, 447 F.3d 706, 713 (9th Cir. 2006). Even assuming that the IRS did not follow its own procedures, plaintiffs have no claim for relief.

Plaintiffs also argue that the IRS reports contained false statements and that these false statements are "actionable" under Section 6103 of Title 26. In support of this argument, plaintiffs cite *Aloe Vera v. United States*, 699 F.3d 1153 (9th Cir. 2012). *Aloe Vera* is not

3

dispositive here because that decision analyzed the disclosure under Section 6103(k)(4), which exempts information that is authorized by treaty. *Id.* at 1163. The treaty in *Aloe Vera* authorized the disclosure of "pertinent" information. The court in *Aloe Vera* held that "knowingly false information" could not be pertinent under the treaty. *Id.* at 1163-64. *Aloe Vera* is irrelevant here because neither Section 6103(k)(4) nor the treaty are at issue.

Plaintiffs finally argue that the type of information the IRS was soliciting from them suggested that defendant's purpose was "penalty assessment not tax administration" (Dkt. No. 1 at 20). This distinction is meaningless for the purposes of Section 6103. Under Section 6103, the term "Tax administration . . . includes assessment, collection, enforcement . . . ."

Even if by "penalty" plaintiffs mean that defendant IRS was acting maliciously and without merit, this argument fails as well. Plaintiffs have not alleged sufficient facts to support such an argument.

Defendant's disclosures were lawful under Section 6103(h)(1) and the motion by the United States is therefore **GRANTED**.

### 2. JOHN C. HOM & ASSOCIATES, INC. CANNOT PROCEED PRO SE.

Plaintiffs were previously informed at the September 12 case management conference that a corporation cannot be a pro se litigant. Individual plaintiff cannot continue to represent plaintiff corporation by appealing to California Procedure Code Section 116.540(b). Section 116.540 pertains to small claims actions. This is not a small claims action and plaintiffs cannot make it one by asking that the corporation's damages be limited to $5000.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is **GRANTED**. Any amendment would be futile, so plaintiffs' claims are **DISMISSED WITHOUT LEAVE TO AMEND**. Judgment will be entered by separate order.

**IT IS SO ORDERED.**

Dated: September 30, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4