IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. HOM, JOHN C. HOM & ASSOCIATES, INC.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 17-02525 WHA

**ORDER GRANTING MOTION TO DISMISS**

**INTRODUCTION**

In this "re-filed" pro se action against the United States for unauthorized disclosures of plaintiffs' tax information, the United States moves to dismiss. The United State's motion to dismiss is **GRANTED**.

**STATEMENT**

Pro se plaintiffs John Hom and John C. Hom & Associates, Inc. "re-filed" this action for unauthorized disclosure of tax information in May 2017. The complaint in this action is a facsimile of a complaint plaintiffs filed in May 2013 (No. 13–cv–02243 WHA), which was dismissed in its entirety for failure to state a claim (*id.* Dkt. No. 19). Plaintiffs appealed that dismissal, and on appeal this Court's decision was affirmed (*id.* Dkt. No. 27).

Plaintiffs now re-file their complaint claiming that a change in law and the discovery of additional facts warrant re-examination of their claims. Defendant, the United States of America, moves to dismiss on the grounds that *res judicata* bars plaintiffs claims. For the reasons herein, the United State's motion is **GRANTED**.

**ANALYSIS**

**1.** *RES JUDICATA*.

*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). *Res judicata* applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Here, all the requirements of *res judicata* are met. Plaintiffs are the same parties that filed the 2013 action against the same defendant, the United States. That action contained identical claims (No. 13–cv–02243 WHA, Dkt. No. 1). The action was dismissed in its entirety (*id.* Dkt. No. 19), and final judgment was entered for the United States (*id.* Dkt. No. 20). Plaintiffs then appealed, and our court of appeals affirmed the dismissal (*id.* Dkt. No. 27). Therefore, barring an exception, plaintiffs are bound by the earlier determination, and their claims must be dismissed.

Plaintiffs argue that *res judicata* does not apply here due to (1) a change in the law and (2) discovery of previously unavailable material facts (Opp. at 1). "[I]t is the general rule that *res judicata* is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." *State Farm Mut. Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162 (1945); *see also Clifton v. Attorney Gen. of State of Cal.*, 997 F.2d 660, 663 (9th Cir. 1993). No such rule applies to the discovery of new facts, however, and typically "An action that merely alleges new facts in support of a claim that has gone to judgment in a previous litigation will be subject to claim preclusion." *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 558 (9th Cir. 2003).

Here, there have been no relevant changes in the law. Plaintiffs argue that two decisions, *Taylor v. United States*, No. 14-12446 (11th Cir. 2013), and *United States v. Hom*, No. 14-16214 (9th Cir. 2016), have changed the law in such a way that plaintiffs' claims for unauthorized disclosure are now viable. As an initial matter, plaintiffs already presented *Taylor* to our court of appeals in a supplemental authority letter (No. 13-17195, Dkt. No. 24), and our

2

court of appeals, with full notice of *Taylor*, affirmed the dismissal of plaintiffs' action. Plaintiffs now seek to overturn our court of appeals' affirmance by relying upon this same unpublished out-of-circuit 2013 decision. But *Taylor* does not lend support to plaintiffs' argument. There, the Eleventh Circuit held that an IRS agent's compliance with the Internal Revenue Manual is relevant to determination of whether he can invoke a good-faith defense in a wrongful disclosure action. *Taylor*, No. 14-12446 at 8. The good-faith exception, however, was not at issue in this action. Instead, the order dismissing plaintiffs' claims found that, under Section 6103 of Title 26 of the United States Code, the disclosures were lawful (*see* No. 13–cv–02243, Dkt. No. 19).

Nor does our court of appeals' decision in plaintiff Hom's Foreign Bank Account Report ("FBAR") action, *United States v. Hom*, No. 14-16214 No. 14-16214, signal a change in the law. That action dealt with Hom's alleged failure to file his FBAR tax forms, which is irrelevant to this action, in which plaintiffs are alleging the IRS improperly disclosed their tax information.

Finally, even if plaintiffs could overcome a prior final determination by presenting new facts, they have failed to present any facts that have legal bearing on this action, or any potential to change the outcome here. Indeed, the primary "fact" that plaintiffs rely upon is the *Aloe Vera* decision, which the order dismissing plaintiffs' 2013 action addressed and distinguished (No. 13–cv–02243 WHA, Dkt. No. 19 at 3–4), and which our court of appeals likewise considered in affirming that order (*see* No. 13-17195, Dkt. No. 9). The March 2017 unpublished decision in *Aloe Vera*, No. 15-15672 Dkt. No. 11-1, which plaintiffs cite also lends no support. It is a narrow holding concerning a damages issue that has nothing to do with this action.

Plaintiffs are barred from re-litigating this action by the doctrine of *res judicata*. Their arguments have already been considered and rejected. Plaintiffs offer no grounds for granting them a second bite at the apple. Accordingly, their action is **DISMISSED**.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' claims are barred by *res judicata*. Accordingly, the United State's motion to dismiss is **GRANTED**. Plaintiffs' action is **DISMISSED**. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: September 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE